the lien which would necessarily, if not defeated, give the creditors an illegal preference, and would be a fraud upon the act.

II. It is urged, that the remedy of the assignees was at law, and not in equity; and that the bill should have been dismissed upon that ground, also. The object of the bill was, to set aside the lien of the judgments of the bank, and of the executions upon the personal property of the debtors. Until that was done, the sheriff, who made his levy before the proceedings in bankruptcy were commenced, was acting in the clear line of his duty. He ought not to be proceeded against, or called upon to settle the question in conflict on his own responsibility, nor without such a proceeding as would, by concluding the bank, protect him in delivering the property levied upon to the assignees. Without asserting that the assignees could not maintain trover or replevin against the sheriff, I am of opinion, that a bill in equity was the most convenient and effectual. It enables the court to settle the rights of all the parties in one suit, and not leave the sheriff to a further litigation with the bank. Had trover been brought against the sheriff, he might, with great propriety, have applied to a court of equity to protect him, by bringing the real parties to the controversy into actual contest, for his protection. The sale of the property by order of the bankrupt court does not change the case in that respect. The order of that court substituted the money in the hands of the sheriff for the property itself, to be held by him under the injunction previously granted, and with the like effect, directly and incidentally, as he held the property before the sale. Smith v. Buchanan was a suit in equity, like the present, and numerous other like suits have been brought and sustained in the several circuits.

III. On behalf of the sheriff, it is insisted, that he is an officer of the state courts, and held the property by virtue of their mandate; that this is an interference with the authority and jurisdiction of the state courts; and, therefore, that the sheriff ought not to be made a party. There is nothing in this. The proceeding no more interferes with him, or with the state courts, than would an action of trover or replevin, when he levies upon and retains property which he has no right to apply, to pay an execution. He is made a party for his own protection, and because he holds the subject of the controversy. No decree is sought, and none should be made, affecting him, otherwise than as the custodian of the fund, and to secure the control of the court over it. He has in no other sense any personal interest in the controversy, and ought not to be prejudiced, in any manner, by the decree. If he had been sued at law, he would have been in a worse position, and might have found it necessary himself to apply to a court of equity for protection. Having actually taken the property, he would have had no bond or other indemnity from the bank, against the claim of the assignees.

The proofs show, that the sheriff has the money in his possession. His counsel, on the argument, stated, that, by direction of the state court, he had paid the money to the other defendant. But, no such fact is before the court.

The decree of the district court must be reversed, and a decree be entered awarding to the complainant the proceeds of the sale of the property in question, but allowing the sheriff any legal fees which have not been paid to him, and, also, his costs in this suit, but charging the other defendant with such costs, and also with the costs of the complainants herein.

[Upon an appeal to the supreme court, the decree of this court was reversed, and that of the court below, dismissing the bill, with costs, affirmed. 96 U. S. 539.]

WARREN, The (TOPPING v.). See Case No. 14,101.

## Case No. 17,203.

WARREN et al. v. WEAVER.

[1 Wkly. Notes Cas. 107.]

Circuit Court, E. D. Pennsylvania. Dec. 4, 1874.

COSTS — TRAVELLING EXPENSES — WITNESS FEES.

[Plaintiffs *held* not entitled to expenses of coming to court to testify or to witness fees.]

Plaintiffs' bill of costs included their own travelling expenses incurred in coming to the court to testify, and a witness fee to each of them. These items were disallowed by the clerk, from whose taxation plaintiff appealed.

J. G. Johnson, for appellant.

THE COURT (CADWALADER, District Judge.) disallowed the appeal, and sustained the taxation of the clerk.

WARREN (WEBSTER v.). See Case No. 17,339.

WARREN (WING v.). See Case No. 17,871.

## Case No. 17,204.

WARREN v. WISCONSIN VAL. R. CO.

[6 Biss. 425;[1] 7 Chi. Leg. News. 403; 2 Cent. Law J. 542; 21 Int. Rev. Rec. 300.]

Circuit Court, W. D. Wisconsin. Aug. 5, 1875.

CONDEMNATION PROCEEDINGS—JURISDICTION—REMOVAL OF CAUSE FROM STATE COURT.

A proceeding under the right of eminent domain to condemn land for a railroad is not a case in which the state is a party; and the federal courts may have jurisdiction. Nor is it a special proceeding, nor can the right of removal be limited by state laws. It is in effect a suit of civil nature, and if the parties are competent,

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]